USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/11/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To All Actions*
------------------------------------------------------------------------x

14-MD-2543 (JMF)
14-MC-2543 (JMF)

ORDER NO. 79

JESSE M. FURMAN, United States District Judge:

**[Regarding Pending Motions To Seal, To Dismiss, and To Reinstate Complaints]**

As stated on the record at the status conference held on August 28, 2015, New GM's motion to seal its letter brief regarding the deposition of Michael Robinson is GRANTED.  (*See* 14-MD-2543 Docket Nos. 1295, 1296).  Plaintiffs' motion to seal their letter brief regarding the deposition of Michael Robinson is GRANTED, with the exception of the language in footnote 1.  (*See* 14-MD-2543 Docket Nos. 1297, 1299, 1300).

The unopposed motions to vacate dismissal of the claims of **Jamie Lee Dowling**, **James Boyd**, and **Debra O'Neill** are GRANTED.  (*See* 14-MD-2543 Docket Nos. 1176, 1230; *see also* 14-MD-2543 Docket No. 1310).

The motion to dismiss the claims of **Berenice Summerville**, without prejudice, is DENIED on consent of New GM.  (*See* 14-MD-2543 Docket Nos. 1247, 1280, 1310).

A motion to dismiss with prejudice is pending for six plaintiffs who have allegedly failed to submit a plaintiff fact sheet ("PFS") in accordance with Order No. 25.  (*See* 14-MD-2543 Docket No. 1248).  The Court will address each in turn.

**Lisa Marino**: Although New GM had previously indicated it did not intend to pursue its motion to dismiss Lisa Marino's claims with prejudice, on September 4, 2015, New GM informed the Court that Ms. Marino's PFS certification was not substantially complete.  (*See* 14-

MD-2543 Docket No. 1338).  Ms. Marino is hereby ORDERED to correct any deficiency with regard to her PFS by **Friday, September 18, 2015**.  Failure to do so may result in the dismissal of her claims with prejudice.

**John Cameron**: With regard to plaintiff John Cameron, counsel's unopposed motion to withdraw is GRANTED.  (*See* 14-CV-8385 Docket No. 114).  Mr. Cameron has **thirty days** to file a complete PFS in accordance with Order No. 25.  If he does not, his claims will be dismissed with prejudice.  No later than **September 14, 2015**, New GM shall serve a copy of this Order on Mr. Cameron, who is now proceeding *pro se*, and file proof of such service on ECF.

**Joseph and Stephanie Hamilton**: On September 2, 2015, counsel for Joseph and Stephanie Hamilton indicated that these plaintiffs had filed complete PFS.  (*See* 14-MD-2543 Docket No. 1322).  New GM does not oppose reinstatement of the Hamiltons' claims, reserving the right to move for dismissal if their certifications prove to be false or incorrect.  (*See* 14-MD-2543 Docket No. 1338).  Accordingly, the motion to dismiss is DENIED with respect to Joseph and Stephanie Hamilton, and their claims are reinstated.

**Gelisa Hayes and Darlene Robinett**: The Court GRANTS the motion to dismiss with prejudice with regard to Gelisa Hayes and Darlene Robinett, for the following reasons.  On June 11 and July 9, 2015, the Court granted New GM's motions to dismiss, without prejudice, the claims of several personal injury Plaintiffs for failure to submit substantially complete PFSs required by Order No. 25.  (14-MD-2543 Docket No. 1029; Order No. 68 (14-MD-2543 Docket No. 1147); *see also* Order No. 25 (14-MD-2543 Docket No. 422)).  When the two plaintiffs named above failed to certify that they had submitted substantially complete PFSs or otherwise moved to vacate the dismissal, New GM moved to dismiss their claims with prejudice.  (14-MD-2543 Docket No. 1248).  Neither Ms. Hayes nor Ms. Robinett submitted an opposition to New

GM's motion, due by August 26, 2015 (Order No. 72 (14-MD-2543 Docket No. 1237)).  On August 31, 2015, counsel for Ms. Hayes stated that they had been unable to contact Ms. Hayes, but requested that dismissal of her claims be maintained as without prejudice in light of the fact that she brings claims both personally and on behalf of a minor child.  (*See* 14-MD-2543 Docket No. 1314).  Lead Counsel has repeatedly tried to contact Ms. Robinett, who is proceeding *pro se*, but has been unsuccessful.  (*See, e.g.*, 14-MD-2543 Docket No. 1315).

The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of a failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *see, e.g.*, *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004); *see also, e.g.*, *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) (noting that district courts' "responsibility to manage their dockets so as to achieve the orderly and expeditious disposition of cases . . . is particularly acute where the litigation is complex and continuing" (internal quotation marks omitted)).  Because dismissal is "one of the harshest sanctions at a trial court's disposal," however, it must be "reserved for use only in the most extreme circumstances."  *Drake*, 375 F.3d at 251.  In considering a Rule 41(b) dismissal, a court must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately

considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Upon due consideration of the foregoing factors, the Court finds that dismissal with prejudice is the appropriate sanction for Ms. Hayes's and Ms. Robinett's continued failure to submit PFSs as required by Order No. 25.  Plaintiffs have been on continual notice of the consequences of failing to submit substantially complete PFSs, and have been repeatedly reminded over the past several months — through Order No. 25 itself; New GM's entry of a Notice of Overdue Discovery (14-MD-2543 Docket Nos. 559, 983); New GM's Motion to Dismiss Without Prejudice (14-MD-2543 Docket Nos. 625; 1047); and New GM's current motion — that their claims could be dismissed, eventually with prejudice, if they failed to meet their (rather minimal) PFS obligations.  Those efforts to inform Plaintiffs of the consequences of their noncompliance with Order No. 25 have proved fruitless, leaving the Court with no "means to move this case forward efficiently without the cudgel of extreme sanctions." *Baptiste v. Sommers*, 768 F.3d 212, 219 (2d Cir. 2014).  Finally, timely submission of PFSs is essential to the orderly and expeditious management of this MDL, and crucial in ensuring that New GM has adequate notice of the claims against it.

It is true that Ms. Hayes brings claims on behalf of a minor child and that Ms. Robinett is proceeding *pro se*.  Those facts, however, cannot overcome the utter failure to participate in this action or total disregard for the Court's orders.  "While a court is ordinarily obligated to afford a special solicitude to *pro se* litigants, dismissal [with prejudice] of a *pro se* litigant's action as a sanction may nonetheless be appropriate so long as a warning has been given that noncompliance can result in dismissal." *Koehl v. Bernstein*, 740 F.3d 860, 862 (2d Cir. 2014) (citing cases) (internal quotation marks and citation omitted).  More than enough warning has been given to

4

Ms. Robinett, both by the Court, and by Lead Counsel and New GM's combined efforts to reach her.  (*See, e.g.*, 14-MD-2543 Docket Nos. 698, 874, 968, 1315).  As for Ms. Hayes, the parties do not cite — and the Court is not aware of — any precedent requiring special consideration before dismissing the claims of a minor plaintiff who is represented by counsel.  *Cf. Berrios v. N.Y.C. Housing Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) (noting that a court "may not . . . make a merits determination of claims filed on behalf of a minor or incompetent person who is not properly represented"); *cf. also Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 742 (6th Cir. 2008) (affirming dismissal with prejudice of claims brought by minor children represented by their mother when there were repeated failures to comply with discovery obligations and clear court warnings of the consequences of noncompliance); *Meanwell v. Hankle*, 13-CV-624 (GLS) (CFH), 2015 WL 729719, at *1 (N.D.N.Y. Feb. 19, 2015) (dismissing a plaintiff's claim brought individually and on behalf of a minor child for failure to follow court orders and comply with discovery requests); *Foster v. David*, 04-CV-4829 (MMB), 2006 WL 2371976, at *4 n.10 (E.D. Pa. Aug. 11, 2006) (noting the voluntary dismissal of minor children's claims with prejudice); *Williams v. Dow Chem. Co.*, 01-CV-4307 (PKC), 2004 WL 1907311, at *2 (S.D.N.Y. Aug. 25, 2004) (same).  Without more, and given the many warnings Ms. Hayes has received, the Court finds dismissal with prejudice appropriate.

In light of the foregoing, the claims of Gelisa Hayes and Darlene Robinett are hereby DISMISSED with prejudice.  *See In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d at 487 (holding "that the court did not exceed the bounds of its discretion in dismissing the noncompliant plaintiffs' complaints").

The Clerk of Court is directed to reinstate Jamie Lee Dowling, James Boyd, Debra O'Neill, Joseph Hamilton, and Stephanie Hamilton as plaintiffs in this action; to terminate Gelisa

Hayes and Darlene Robinett as plaintiffs in this action; and to terminate 14-MD-2543 Docket Nos. 1230, 1247, 1295, 1297, 1299; 14-CV-8385 Docket No. 114; and 15-CV-2033 Docket No. 63.

SO ORDERED.

Dated: September 11, 2015
      New York, New York

JESSE M. FURMAN
United States District Judge